IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND DIGGINS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | NO. 15-cv-2130 |

O R D E R

AND NOW, this 29th day of August 2016, upon consideration of Plaintiff's request for review (Doc. No. 9), the Defendant's response (Doc. No. 10), Plaintiff's reply (Doc. No. 12), the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. No. 14), Defendant's objections to the Report and Recommendation (Doc. No. 15), and Plaintiff's response in opposition to the Defendant's objections (Doc. No. 17), and following a careful review of the record before the Court, it is hereby ORDERED as follows:

1. Defendant's Objections to the Report and Recommendation (Doc. No. 15) are OVERRULED.

   The Court adopts the Report and Recommendation ("R. & R.") prepared by Magistrate Judge Heffley and writes separately only to address Defendant's objections to the R. & R. When reviewing a R. & R. to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

   Plaintiff's application for Social Security benefits was denied on April 20, 2012. After he appealed this denial, a hearing was held before an administrative law judge ("ALJ") on July 24, 2013. Under the five-step sequential evaluation process for determining whether an individual is disabled, the ALJ made the following findings: (1) Plaintiff had not engaged in substantial gainful activity since February 6, 2012; (2) Plaintiff suffered from a severe impairment—namely degenerative disc disease of the lumbar spine; (3) Plaintiff's impairment does not meet the criteria of any listed impairments described in Appendix 1 of the Code of Federal Regulations; (4) Plaintiff has the residual functional capacity ("RFC") to perform light work; and (5) Plaintiff is unable to perform any past relevant work. (R.[1] at 20–24, Doc. No. 8-2.)

---

[1] Citations to the administrative record are denoted by "R." followed by the page number.

With respect to the fourth step of this framework, the ALJ found that Plaintiff can occasionally lift or carry 25 pounds; stand or walk for 1 to 2 hours in an 8-hour workday; sit without limitation; occasionally bend, kneel, stoop, crouch, balance, or climb; and have no exposure to heights. (R. at 21.)  Despite these findings, the ALJ concluded that there are a number of jobs in the national economy that Plaintiff is able to perform and that, therefore, Plaintiff is not disabled under the Medical-Vocational Guidelines. (R. at 25–26.)  In reaching this conclusion, the ALJ relied on a vocational expert's testimony that provided that Plaintiff could perform the requirements of some jobs with a light exertional level. (R. at 25.)

Plaintiff argues that the ALJ improperly applied the Medical-Vocational Guidelines by concluding that Plaintiff can perform light work though also finding that he can stand for at most 2 hours in an 8-hour day. (Pl.'s Br. & Statement of Issues Supp. Request for Review 3–8, Doc. No. 9.)  The magistrate judge agreed with Plaintiff and recommended reversal of the ALJ's decision. (R. & R. 4, Doc. No. 14.)  Defendant objects to the R. & R., contending that the magistrate judge did not properly apply the substantial evidence standard of review and thus erred by recommending reversal of the ALJ's decision. (Objs. 2, Doc. No. 15.)  Specifically, Defendant argues that there is substantial evidence to uphold the ALJ's decision because the vocational expert testified that there are some jobs available that are classified as light work and that an individual with Plaintiff's RFC can perform. (Objs. 3.)

Defendant's argument that the magistrate judge improperly applied the substantial evidence standard of review is unavailing.  The substantial evidence standard requires courts to uphold factual determinations made by the ALJ that are supported by substantial evidence in the record.  See 42 U.S.C. § 405(g).  However, courts have plenary review of the ALJ's application of the law.  Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995) (citing Wiklerson v. Bowen, 828 F.2d 871, 873 (3d Cir. 1983)).

The magistrate judge gave full and appropriate consideration to this issue, and the Court agrees with her analysis.  Here, whether Plaintiff was disabled turns on an application of the law—namely, the Medical-Vocation Guidelines, the regulatory definitions of light and sedentary work, and the guidance offered under relevant Social Security guidelines— to the undisputed facts. (See R. & R. at 5, 7, 17–18.)  As explained in Judge Heffley's R. & R., application of the regulatory framework determines whether the vocational expert's testimony can provide substantial evidence for the ALJ's finding. (See R. & R. at 10.)  The RFC formulated by the ALJ and based on the ALJ's undisputed findings of fact limited Plaintiff to standing and walking no more than 1 to 2 hours in a work day. (R. & R. at 15.)  Plaintiff thus cannot perform the 6 hours of standing or walking required under the definition of light work and the applicable Social Security regulations. (See R. & R. at 15.)  Because of this limitation, Plaintiff also cannot satisfy the frequent lifting or carrying required to perform light work because this would require him to be on his feet for at least a third of the workday. (R. & R. at 15.)  These limitations significantly reduce Plaintiff's capacity to perform light work. (R. & R. at 15.)  Based on the record evidence, Plaintiff is only capable of performing sedentary work as defined by the applicable

regulatory framework.  Accordingly, the ALJ's determination that Plaintiff could perform light work and reliance on the vocational expert's testimony in reaching this conclusion was a reversible error of law.  Cf. Campbell v. Astrue, No. 09-5356, 2010 WL 4689521, at *5 (E.D. Pa. Nov. 2, 2010) (reversing ALJ's decision because "[t]here [was] an inherent contradiction" between the ALJ's factual finding that the claimant could stand or walk for only 1–2 hours and his conclusion, based on a vocational expert's testimony, that the claimant could perform light work).

Defendant also contends that remand rather than reversal is the appropriate remedy.  This Court disagrees for the reasons set forth in the R. & R.  As Magistrate Judge Heffley observed, "when no evidentiary questions remain and the outcome of the case is dictated as a legal matter, it is appropriate for a court to award benefits rather than to remand."  (R. & R. 18–19.)  Defendant argues that remand is appropriate because "it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."  (Objs. 4.)  However, neither party contends that the record is incomplete or that any additional evidence is required.  In fact, the record is complete, and all that remains is to apply the relevant rules and regulations to the facts.  This Court acts within the bounds of 42 U.S.C. § 405(g) in reversing the ALJ's improper application of the relevant legal framework and finding that Plaintiff's undisputed RFC limits him to sedentary work, which, based on Plaintiff's age and other characteristics, requires a finding that he is disabled under 20 C.F.R. Part 404, Subpart P, App. 2, Table 1, Rule 201.14.  Thus, remand solely for calculation of benefits is appropriate.

2. The Report and Recommendation (Doc. No. 14) is APPROVED and ADOPTED.

3. Plaintiff's request for an award of benefits is GRANTED.

4. This matter is REMANDED solely for the calculation of benefits.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.